■ MARK HENIG, Respondent, v GOOD SAMARITAN MEDICAL CENTER et al., Appellants. [753 NYS2d 863] —In an action to recover damages for medical malpractice, the defendants Good Samaritan Medical Center, Suffolk Urology, and Jerome Weiner appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated June 20, 2002, as denied their motion to dismiss the complaint pursuant to CPLR 306-b and granted that branch of the plaintiff's cross motion which was to compel them to accept late service of the summons and complaint, and the defendants L.I. Cardiology, Richard Zito, and Bernard Nash separately appeal, as limited by their brief, from so much of the same order as denied their separate motions to dismiss the complaint pursuant to CPLR 3012 (b) and 306-b and granted that branch of the plaintiff's cross motion which was to compel them to accept late service of the summons and complaint.

Ordered that the order is reversed, on the law, with one bill of costs, the defendants' separate motions are granted, the plaintiff's cross motion is denied, and the complaint is dismissed.

The Supreme Court should have granted the motion of the defendants Good Samaritan Medical Center, Suffolk Urology, and Jerome Weiner to dismiss the complaint pursuant to CPLR 306-b for failure to serve a complaint within 120 days of the commencement of the action. The plaintiff failed to demonstrate good cause for an extension of time to serve the complaint. The failure to demonstrate a meritorious action, the more than two-year delay in seeking the extension, and the inference of substantial prejudice to the defendants based upon the lengthy delay, weigh in the defendants' favor (*see Leader v Maroney, Ponzini & Spencer,* 97 NY2d 95; *Leadbeater v Beaubrun,* 299 AD2d 458; *Matter of DeSilva v Town of Brookhaven,* 299 AD2d 409). The Supreme Court also improperly denied the motion of the defendants L.I. Cardiology, Richard Zito, and Bernard Nash to dismiss the complaint pursuant to CPLR 3012 (b) for failure to serve a complaint after a demand.

The plaintiff failed to provide an affidavit of merit from a physician as is required to avoid dismissal (*see Balgley v Cammarata,* 299 AD2d 432; *Elbaz v Lieb,* 269 AD2d 489; *Culley v Morrison,* 247 AD2d 356). Feuerstein, J.P., Krausman, Mastro and Rivera, JJ., concur.