■ THOMAS F. LIOTTI, Respondent, v ERNEST J. PEACE, Appellant, et al., Defendants. [790 NYS2d 512]—

In an action to recover damages for defamation, the defendant Ernest J. Peace appeals from an order of the Supreme Court, Nassau County (DiBlasi, J.), entered November 7, 2003, which denied his motion pursuant to CPLR 5015 to vacate an order of the same court dated August 13, 2003, granting the plaintiff's motion for judgment against him on the issue of liability, upon his default in appearing at a pretrial conference, and to restore the matter to the Supreme Court's pretrial conference calendar.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is granted and the order dated August 13, 2003, is vacated.

A party seeking to vacate a default is required to demonstrate both a reasonable excuse for the default and a meritorious cause of action or defense (*see* CPLR 5015 [a] [1]). It is within the discretion of the Supreme Court, in the interest of justice, to excuse a default resulting from law-office failure (*see* CPLR 2005). Under the circumstances of this case, the defendant Ernest J. Peace established a reasonable excuse that he mistakenly diaried the place of the pretrial conference (*see* CPLR 2005; *Crystal Run Sand & Gravel v Milnor Constr. Corp.*, 301 AD2d 491 [2003]). This was an isolated incident of non-appearance (*see Kingsland Group v Satcin Realty Corp.*, 287 AD2d 440 [2001]), and there was no evidence that the default was willful (*see Beizer v Funk*, 5 AD3d 619 [2004]). Moreover, Peace arguably has a meritorious defense (*see Gross v New York Times Co.*, 82 NY2d 146, 152-54 [1993]). Accordingly, the Supreme Court improvidently exercised its discretion in denying the motion. Cozier, J.P., Ritter, Luciano and Lifson, JJ., concur.