■ CHARLIE CARTER et al., Plaintiffs, v GOSPEL TEMPLE CHURCH OF GOD IN CHRIST et al., Respondents, FIRST BAPTIST CHURCH OF BROWNSVILLE, Appellant, et al., Defendants. [796 NYS2d 417]—

In an action to recover damages for wrongful death and personal injuries, etc., the defendant First Baptist Church of Brownsville appeals, as limited by its briefs, from so much of an order of the Supreme Court, Kings County (G. Aronin, J.), dated November 18, 2003, as denied that branch of its motion which was for summary judgment dismissing the cross claim of the defendant Gospel Temple Church of God in Christ and the alleged cross claims of the defendants Jones Wren and Ronald Landau, as administrator of the estate of Walter Melvin Bullock, insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

On September 3, 1983, a van operated by the defendant Jones Wren and owned by the defendant Gospel Temple Church of God in Christ (hereinafter Gospel Temple) swerved to avoid a disabled vehicle owned and operated by the now-deceased Walter Melvin Bullock and struck a van operated by the now-deceased John C. Covington and owned by the defendant First Baptist Church of Brownsville (hereinafter the appellant). The passengers and the estate of a deceased passenger in the Gospel Temple vehicle subsequently commenced this action against Gospel Temple, Wren, Bullock, Covington, and the appellant to recover damages for personal injuries and wrongful death (hereinafter the Carter action). Wren commenced a separate action against Bullock, Covington, and the appellant to recover damages for his personal injuries (hereinafter the Wren action).

The actions were originally consolidated for trial. Bullock died, and by order of the Supreme Court, Kings County, dated

May 17, 2000, Ronald Landau, the administrator of Bullock's estate (hereinafter Bullock's estate), was substituted as a defendant in both actions. At the time of trial, the Carter plaintiffs were not ready to proceed and therefore the Carter action was stricken from the calendar. Wren discontinued his action against Covington and proceeded to trial against Bullock's estate and the appellant. The jury determined that Wren was 90% at fault in the happening of the accident and that Bullock was 10% at fault. It found no liability on the part of the appellant.

The appellant then moved in the Carter action, inter alia, for summary judgment dismissing the cross claim of Gospel Temple insofar as asserted against it and the alleged cross claims of Wren and Bullock's estate insofar as asserted against it, contending that Gospel Temple, Wren, and Bullock's estate were collaterally estopped from relitigating the issue of fault. Although Gospel Temple was not a party in the Wren action, the appellant contended it was in privity with Wren, the driver of its vehicle, and therefore should be bound by the jury's determination. The Supreme Court denied the motion.

Contrary to the appellant's contention, Gospel Temple was not in privity with Wren by virtue of Vehicle and Traffic Law § 388, which imposes liability on the owner of a vehicle for the negligence of a permissive user or operator. "[T]he vicarious liability imposed by [Vehicle and Traffic Law § ] 388 does not create privity for purposes of collateral estoppel" (*Molino v County of Putnam*, 29 NY2d 44, 50 [1971]; *see Chambers v City of New York*, 309 AD2d 81, 86 [2003]; *Martin v Reedy*, 194 AD2d 255, 260 n 1 [1994]; *Willsey v Strawway*, 44 Misc 2d 601, 603-604 [1963], *affd* 22 AD2d 973 [1964]). Further, Gospel Temple did not control the litigation in the Wren action and, in fact, had no interest in that litigation, which was commenced by Wren to recover damages for his personal injuries. Gospel Temple did not participate in the Wren action and had no reason or incentive to do so. Since there was no identity of parties and Gospel Temple did not have a full and fair opportunity to litigate the issue of fault, it was not collaterally estopped from litigating the issues of Wren's liability or the liability of the appellant (*see Matter of Juan C. v Cortines*, 89 NY2d 659, 666-667 [1997]).

Although the appellant sought summary judgment dismissing cross claims asserted against it by Wren and Bullock's estate, a review of the record available to this Court does not reveal the existence of any such cross claims. We note, however, that if such cross claims did exist, dismissal would have been proper. Whether or not they exist, Wren and Bullock's estate should be collaterally estopped from contending at trial that the appellant

was at fault since they were parties to the Wren action and had a full and fair opportunity to litigate the appellant's liability (*see Buechel v Bain,* 97 NY2d 295, 306 [2001], *cert denied* 535 US 1096 [2002]; *D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 666 [1990]). Goldstein, J.P., Luciano, Crane and Spolzino, JJ., concur.