■ Thomas A. Goepel, Respondent, v City of New York et al., Appellants. [804 NYS2d 95]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Knipel, J.), dated June 18, 2004, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was for summary judgment on the issue of liability against the defendant City of New York and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court properly determined that the defendant John Schoener, who brought a prior arbitration proceeding pursuant to the underinsured motorist coverage of his personal automobile liability policy and fully participated therein, was collaterally estopped from contesting liability in this action. The Supreme Court, however, improperly determined that the defendant City of New York was also, as a matter of law, collaterally estopped.

The City was not a party to Schoener's arbitration proceeding in which Schoener sought only noneconomic damages for his own relatively minor injuries. The City had no knowledge of that proceeding while it was transpiring. Moreover, the City had no incentive, other than the possibility of issue preclusion, to become involved in what was a relatively minor matter, especially in contrast to the catastrophic damages claimed by the plaintiff at bar.

The City is not in privity with Schoener for collateral estoppel purposes merely because Schoener was operating a City-owned vehicle with the City's permission (*see Chambers v City of New York,* 309 AD2d 81, 86 [2003]; *Willsey v Strawway,* 22 AD2d 973 [1964]). The issue, then, is whether it is fair to collaterally estop the City from contesting Schoener's liability merely because Schoener was operating the vehicle in the course of his employment with the City.

In determining this issue, we are reminded that: "[i]n addressing privity, courts must carefully analyze whether the party sought to be bound and the party against whom the litigated issue was decided have a relationship that would justify preclusion, and whether preclusion, with its severe consequences, would be fair under the particular circumstances. Doubts should be resolved against imposing preclusion to ensure that the party to be bound can be considered to have had a full and fair opportunity to litigate" (*Buechel v Bain,* 97 NY2d 295, 304-305 [2001], *cert denied* 535 US 1096 [2002]). While Schoener and the City had an employment relationship at the time of the motor vehicle accident, Schoener was not acting in his capacity as an employee when he invoked his underinsurance arbitration remedy under his private automobile insurance policy (*cf. Carter v Gospel Temple Church of God in Christ,* 19 AD3d 353, 354 [2005]). Moreover, Schoener's arbitration proceeding "involved trivial stakes," in contrast to the City's stake in defending against the plaintiff's claimed catastrophic damages (*Gilberg v Barbieri,* 53 NY2d 285, 292 [1981]), suggesting a less vigorous contest in the arbitration (*see Staatsburg Water Co. v Staatsburg Fire Dist.,* 72 NY2d 147, 153 [1988]; *Gilberg v Barbieri, supra;*

*Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 72 [1969]).

We have rejected the application of doctrines of issue preclusion, or collateral estoppel, in similar circumstances where the vehicle owner had no control of the prior litigation and, indeed, no interest in the prior litigation brought by the permissive driver to recover damages for his own injuries (*see Carter v Gospel Temple Church of God in Christ, supra*). In *Carter,* we concluded that the owner did not have a "full and fair opportunity to litigate the issue of fault" (*id.* at 354) and hence was not collaterally estopped from litigating the issue of its driver's liability even though the driver himself was collaterally estopped.

Under the circumstances of this case, it would be unfair to preclude the City from litigating the issue of Schoener's fault on the basis of the outcome in Schoener's arbitration proceeding (*see Chambers v City of New York, supra*). Although the plaintiff made a prima facie showing of his entitlement to summary judgment on the issue of liability against both defendants (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]), in opposition, the City raised a triable issue of fact. Therefore, that branch of the plaintiff's motion which was for summary judgment against the City on the issue of liability should have been denied. Florio, J.P., Crane, Mastro and Rivera, JJ., concur.