■ ROCKLAND TRANSIT MIX, INC., Appellant, v ROCKLAND ENTERPRISES, INC., et al., Respondents. [814 NYS2d 196]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered October 13, 2004, which, in effect, denied its motion to vacate an order of the same court dated March 29, 2004, granting the defendants' separate motions for summary judgment dismissing the complaint upon its default in opposing the motions.

Ordered that the order entered October 13, 2004 is reversed, on the law, with one bill of costs, the motion to vacate the order dated March 29, 2004 is granted, the order dated March 29, 2004 is vacated, the complaint is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for a new determination of the defendants' motions for summary judgment on the merits following submission of opposition papers by the plaintiff.

Pursuant to CPLR 5015 (a), a court may vacate a default where the moving plaintiff demonstrates both a reasonable excuse for the default and the existence of a meritorious cause of action (see *Hageman v Home Depot U.S.A., Inc.*, 25 AD3d 760 [2006]; *Liotti v Peace*, 15 AD3d 452, 453 [2005]; *Waste Mgt. of N.Y., Inc. v Bedford-Stuyvesant Restoration Corp.*, 13 AD3d 362 [2004]; *Fine v Fine*, 12 AD3d 399, 400 [2004]). The court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005; *Navarro v A. Trenkman Estate, Inc.*, 279 AD2d 257, 258 [2001]; cf. *Roussodimou v Zafiriadis*, 238 AD2d 568, 569 [1997]).

The plaintiff offered as an excuse for its default the failure of a clerk from its attorney's office to file and serve opposition papers, which had been timely prepared. This was an isolated incident, and there was no evidence that the default was willful (see *Hageman v Home Depot U.S.A., Inc., supra; Gironda v Katzen*, 19 AD3d 644, 645 [2005]; *Liotti v Peace, supra; Henry v*

*Kuveke,* 9 AD3d 476, 479 [2004]). Moreover, the plaintiff arguably has a meritorious opposition to the motions for summary judgment (*see Goepel v City of New York,* 23 AD3d 344, 345-346 [2005]; *Carter v Gospel Temple Church of God in Christ,* 19 AD3d 353, 354 [2005]; *Casolino v Baynes,* 157 AD2d 699, 700 [1990]; *Baldwin v Brooks,* 83 AD2d 85, 89 [1981]). Accordingly, the Supreme Court improvidently exercised its discretion in denying the motion.

The plaintiff's remaining contentions are not properly before this Court. Crane, J.P., Krausman, Luciano and Rivera, JJ., concur.