■ MONTEFIORE MEDICAL CENTER et al., Appellants, v HARTFORD ACCIDENT & INDEMNITY COMPANY et al., Respondents. [830 NYS2d 336]—

In an action to recover no-fault medical payments, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Mahon, J.), dated April 10, 2006, which granted the defendants' motion to vacate so much of a clerk's judgment entered November 30, 2005, upon the defendants' failure to oppose their motion for summary judgment, as was in favor of the plaintiff Montefiore Medical Center and against the defendants in the principal sum of $10,910.37.

Ordered that the appeal by the plaintiff Mount Sinai Hospital is dismissed as that plaintiff is not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to respondents.

Pursuant to CPLR 5015 (a) (1), a court may vacate a default in opposing a motion where the moving party demonstrates both a reasonable excuse for the default and the existence of a meritorious defense (*see Yurteri v Artukmac*, 28 AD3d 545 [2006]; *Hageman v Home Depot U.S.A., Inc.*, 25 AD3d 760 [2006]; *Waste Mgt. of N.Y., Inc. v Bedford-Stuyvesant Restoration Corp.*, 13 AD3d 362 [2004]). The court has discretion to accept law office failure as a reasonable excuse (*see* CPLR 2005; *Rockland Tr. Mix, Inc. v Rockland Enters., Inc.*, 28 AD3d 630 [2006]).

In support of their motion to vacate, the defendants asserted that their default in opposing the motion for summary judgment was due to a scheduling error by their attorney's calendar department. This was an isolated incident, and there was no evidence that the default was willful (*see Rockland Tr. Mix, Inc. v Rockland Enters., Inc., supra; Liotti v Peace*, 15 AD3d 452, 453 [2005]; *Henry v Kuveke*, 9 AD3d 476, 479 [2004]). Furthermore,

the defendants' evidence was sufficient to make a prima facie showing of a potentially meritorious defense (*see Sound Shore Med. Ctr. v. Lumbermens Mut. Cas. Co.*, 31 AD3d 743 [2006]; *Mount Sinai Hosp. v Triboro Coach*, 263 AD2d 11, 16-17 [1999]; *Argento v Aetna Cas. & Sur. Co.*, 184 AD2d 487, 487-488 [1992]). Accordingly, the Supreme Court properly granted the defendants' motion.

Motion by the appellants on an appeal from an order of the Supreme Court, Nassau County, dated April 10, 2006, to strike point II of the respondents' brief on the ground that it refers to matter dehors the record. By decision and order on motion of this Court dated December 19, 2006, the motion was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the motion is granted only to the extent of striking the fifth and sixth sentences of the first paragraph and the second paragraph on page 7 under point II of the respondents' brief, and the motion is otherwise denied. Mastro, J.P., Ritter, Skelos, Carni and McCarthy, JJ., concur.