■ ENERGY BRANDS, INC., Appellant, v UTICA MUTUAL INSURANCE COMPANY et al., Defendants, and JASPAN SCHLESINGER HOFFMAN, LLP, Respondent. [831 NYS2d 507]—In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated December 21, 2005, which denied its motion to vacate an order of the same court dated January 31, 2005 granting the unopposed motion of the defendant Jaspan Schlesinger Hoffman, LLP, inter alia, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff moved to vacate an order of the Supreme Court granting the unopposed motion of the defendant Jaspan Schlesinger Hoffman, LLP, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. A party seeking to vacate an order entered upon default is required to

demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious cause of action or defense (*see* CPLR 5015 [a] [1]; *Cooney v Cambridge Mgt. & Realty Corp.*, 35 AD3d 522 [2006]; *Tyberg v Neustein*, 21 AD3d 896 [2005]; *Carnazza v Shoprite of Staten Is.*, 12 AD3d 393 [2004]).

Contrary to the determination of the Supreme Court, the plaintiff submitted a reasonable excuse for its default (*see Gironda v Katzen*, 19 AD3d 644, 645 [2005]). Nevertheless, the plaintiff was not entitled to vacatur, as it failed to demonstrate the existence of a potentially meritorious cause of action in opposition to the motion for summary judgment (*see Krisztin v State of New York*, 34 AD3d 753 [2006]).

The plaintiff's remaining contention is without merit. Mastro, J.P., Krausman, Florio and Balkin, JJ., concur.