■ SS Constantine and Helen's Romanian Orthodox Church of America, Respondent, v Z. Zindel, Inc., Appellant. [843 NYS2d 414]—

In an action, inter alia, to vacate a confession of judgment arising out of a promissory note on the ground of fraud, the defendant appeals from so much of an order of the Supreme Court, Queens County (Schulman, J.), dated October 16, 2006, as granted the plaintiff's motion to vacate an order dated January 12, 2006, granting the defendant's motion for summary judgment dismissing the complaint upon the plaintiff's default in opposing the motion.

Ordered that the order dated October 16, 2006, is affirmed insofar as appealed from, with costs.

Pursuant to CPLR 5015 (a) (1), a court may vacate a default in opposing a motion where the moving party demonstrates both a reasonable excuse for the default and the existence of a meritorious defense to the motion (*see Energy Brands, Inc. v*

*Utica Mut. Ins. Co.,* 38 AD3d 591, 591-592 [2007]; *Montefiore Med. Ctr. v Hartford Acc. & Indem. Co.,* 37 AD3d 673 [2007]). Whether an excuse is reasonable is a determination within the sound discretion of the court (*see Abrams v City of New York,* 13 AD3d 566 [2004]; *Carnazza v Shoprite of Staten Is.,* 12 AD3d 393 [2004]). Under appropriate circumstances, a court has the discretion to accept law office failure as a reasonable excuse (*see Montefiore Med. Ctr. v Hartford Acc. & Indem. Co.,* 37 AD3d at 673; *Rockland Tr. Mix, Inc. v Rockland Enters., Inc.,* 28 AD3d 630 [2006]).

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in determining that the plaintiff provided a reasonable explanation for its default in opposing the defendant's motion for summary judgment, as the failure of the plaintiff's counsel to oppose the motion for summary judgment was isolated and unintentional with no evidence of willful neglect (*see Montefiore Med. Ctr. v Hartford Acc. & Indem. Co.,* 37 AD3d at 673; *Henry v Kuveke,* 9 AD3d 476, 479 [2004]; *cf. Gironda v Katzen,* 19 AD3d 644 [2005]). Furthermore, the plaintiff's submissions were sufficient to demonstrate the existence of a meritorious defense to the motion. Crane, J.P., Florio, Lifson and Carni, JJ., concur.