■ Louis De Bartolo, Appellant, v Nancy B. Yaghmour De Bartolo, Respondent. [849 NYS2d 282]—

In an action for a divorce and ancillary relief, the husband appeals from an order of the Supreme Court, Queens County (Lebowitz, J.), entered September 7, 2006, which denied his motion pursuant to CPLR 5015 (a) to vacate an order of the same court dated December 8, 2005, granting the wife's application for an award of an attorney's fee in the sum of $19,570 upon his default in opposing the wife's application.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the motion is granted, the or-

der dated December 8, 2005 is vacated, and the matter is remitted to the Supreme Court, Queens County, for a new determination on the issue of an award of an attorney's fee.

The motion to vacate the order awarding an attorney's fee to the wife, entered on the husband's default, was brought in an action for a divorce and ancillary relief which has been pending since 1999. After five years of litigation and an interlocutory appeal to this Court in June 2005 the parties entered into a stipulation of settlement of outstanding issues and agreed that the "issues of counsel fees shall be submitted for determination based upon written applications to the Court by 7/30/05."

Pursuant to a stipulation extending the parties' time to apply for counsel fees, the wife submitted her application for an attorney's fee on or about August 14, 2005. In her application, she claimed that she had paid her former attorney the sum of $7,770, and her appellate attorney the sum of $3,000, and still owed that attorney the sum of $4,000 and her former attorney an unspecified amount. She provided no records of her alleged payments or dates of her alleged payments. She submitted an affirmation from the former attorney dated November 16, 2000, and no affirmation from her appellate attorney.

On August 30, 2005 the parties stipulated to extend the time for the husband to respond to the wife's application until September 14, 2005. In an affidavit sworn to on August 31, 2005 the husband claimed that the wife "failed to provide this Court with credible proof of her legal fees" on the ground that she failed to provide itemized bills from her former attorney or appellate attorney or other credible proof of payment. He noted that the wife had filed for bankruptcy in or about 2003 and that her debts to her former attorney and her appellate attorney therefore may have been discharged. The husband claimed he could not afford to pay the wife's attorneys' fees since he still owed his own attorney the sum of $4,000 and paid the wife the sum of $12,000 per year in child support.

According to the husband, this affidavit in opposition and other opposition papers were not served or filed "due to the failure of a law office paralegal to properly diary the date for the opposition . . . to be served." Thereafter, that paralegal "left employment" with the husband's attorney's law firm.

In an order dated December 8, 2005 the Supreme Court granted the wife's application for an attorney's fee in the amount of $19,570, holding that the husband "never submitted opposition to the motion and is in default."

By order to show cause dated January 26, 2006 the husband moved to vacate the order dated December 8, 2005, entered

upon his default in opposing the wife's application, based upon law office failure, to wit, that a paralegal in the husband's attorney's law firm failed to properly diary the date for submission of the opposition papers completed on August 31, 2005 and thereafter left the firm's employ. In support of his motion to vacate the order dated December 8, 2005, the husband submitted the opposition papers that had been completed and notarized on August 31, 2005 and reiterated that "there is reason to believe that the wife discharged all of her debts to her prior attorneys when she filed for bankruptcy several years ago." In opposition to the motion, the wife's attorney stated that the plaintiff's claim of law office failure "strains credulity." The wife's attorney did not address the merits of the husband's contentions or the alleged discharge in bankruptcy. In the order appealed from, the Supreme Court denied the husband's motion to vacate the order dated December 8, 2005, entered upon his default in opposing the wife's application. We reverse.

The husband's claim of law office failure was detailed and corroborated by the fact that the husband's opposition papers were completed and notarized on August 31, 2005. The failure of an employee of the husband's attorney's law firm to serve and file papers which were timely prepared constituted a reasonable excuse for his default (*see Rockland Tr. Mix, Inc. v Rockland Enters., Inc.,* 28 AD3d 630 [2006]; *see also Gironda v Katzen,* 19 AD3d 644, 645 [2005]). Further, the default was an isolated instance at the conclusion of a lengthy matrimonial action (*see Montefiore Med. Ctr. v Hartford Acc. & Indem. Co.,* 37 AD3d 673 [2007]; *Rockland Tr. Mix, Inc. v Rockland Enters., Inc.,* 28 AD3d 630 [2006]).

Moreover, the husband's claim that the wife's debts to her former attorney and her appellate attorney were discharged in bankruptcy was not denied by her, and her proof was plainly insufficient. The affirmation from the wife's former attorney was dated nearly five years prior to her application for counsel fees, and no affirmation whatsoever was submitted by her appellate attorney.

Accordingly, we reverse the order appealed from, and remit the matter to the Supreme Court, Queens County, for a new determination of the issue of an award of an attorney's fee. Santucci, J.P., Goldstein, Dillon and Angiolillo, JJ., concur.