■ Sharon Wilbyfont, Respondent, v New York Presbyterian Hospital et al., Defendants, and Srinivas Kesanakurthy, Appellant. [15 NYS3d 193]—

In an action, inter alia, to recover damages for medical malpractice, the defendant Srinivas Kesanakurthy appeals from an order of the Supreme Court, Kings County (Dabiri, J.), dated May 30, 2014, which denied his cross motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against

him and granted that branch of the plaintiff's motion which was pursuant to CPLR 306-b for leave to extend the time within which to serve the summons and complaint upon him.

Ordered that the order is reversed, on the law, on the facts, and in the exercise of discretion, with costs, that branch of the plaintiff's motion which was pursuant to CPLR 306-b for leave to extend the time within which to serve the summons and complaint upon the defendant Srinivas Kesanakurthy is denied, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the issue of whether the defendant Srinivas Kesanakurthy was properly served with process and thereafter a new determination of the cross motion of that defendant to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.

In support of his cross motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him on the ground of lack of personal jurisdiction, the submissions of the defendant Srinivas Kesanakurthy (hereinafter the appellant) raised questions of fact as to whether he was properly served at his actual place of business under CPLR 308 (2) and questions of fact regarding the veracity of the process server's affidavit (*see Samuel v Brooklyn Hosp. Ctr.*, 88 AD3d 979, 980 [2011]; *Washington Mut. Bank v Holt*, 71 AD3d 670, 671 [2010]; *Kearney v Neurosurgeons of N.Y.*, 31 AD3d 390, 391 [2006]; *West v Doctor's Hosp.*, 198 AD2d 92 [1993]). Accordingly, a hearing is required to determine, by a preponderance of the evidence, if the appellant was validly served with process pursuant to CPLR 308 (2), and we remit the matter to the Supreme Court, Kings County, for such a hearing and thereafter a new determination of the appellant's cross motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him on the ground of lack of personal jurisdiction (*see Rosario v NES Med. Servs. of N.Y., P.C.*, 105 AD3d 831, 833 [2013]).

If, upon remittal, the Supreme Court determines that the appellant was not properly served—an issue on which we take no position—then the issue of whether the plaintiff should be granted leave to extend the time within which to serve the summons and complaint will become relevant. On this appeal, the appellant contends that the Supreme Court should have denied that branch of the plaintiff's motion which was pursuant to CPLR 306-b for leave to extend the time within which to serve the summons and complaint upon him. In her brief, the plaintiff counters that that branch of her motion was properly granted. We agree with the appellant. A motion pursuant to

CPLR 306-b for leave to extend the time for service of a summons and complaint may be granted upon "good cause shown or in the interest of justice" (CPLR 306-b; *see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 104-105 [2001]). The affidavits submitted by the plaintiff in support of her motion failed to establish that she exercised reasonably diligent efforts in attempting to effect proper service of process upon the appellant and, thus, she failed to show "good cause" (CPLR 306-b; *see Leader v Maroney, Ponzini & Spencer*, 97 NY2d at 104; *Moundrakis v Dellis*, 96 AD3d 1026, 1027 [2012]; *Bumpus v New York City Tr. Auth.*, 66 AD3d 26, 32 [2009]; *Kazimierski v New York Univ.*, 18 AD3d 820 [2005]). The plaintiff also failed to establish her entitlement to an extension of time for service of the summons and complaint in the interest of justice, since she failed to demonstrate a potentially meritorious medical malpractice cause of action against the appellant and failed to rebut the appellant's assertion that he did not have notice of the action until nearly 11 months after the expiration of the statute of limitations, and the concomitant inference that he was substantially prejudiced by the plaintiff's lengthy delay in seeking leave to extend her time to serve the summons and complaint (*see Redman v South Is. Orthopaedic Group, P.C.*, 78 AD3d 1147, 1148 [2010]; *Henig v Good Samaritan Med. Ctr.*, 301 AD2d 571 [2003]; *Leadbeater v Beaubrun*, 299 AD2d 458, 459 [2002]). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was pursuant to CPLR 306-b for leave to extend the time within which to serve the summons and complaint upon the appellant. Balkin, J.P., Austin, Duffy and Barros, JJ., concur.