■ VERNA HOBBINS, Respondent-Appellant, v NORTH STAR ORTHOPEDICS, PLLC, et al., Defendants, and PAUL ACKERMAN, M.D., Appellant-Respondent. [49 NYS3d 169]—

In an action, inter alia, to recover damages for medical malpractice, the defendant Paul Ackerman appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Sweeney, J.), dated January 21, 2015, as, in effect, denied his motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him and granted the plaintiff's motion pursuant to CPLR 306-b for an extension of

time to serve the summons and complaint upon him, and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as (1) granted the separate motion of the defendant Paul Ackerman to vacate so much of an order of the same court dated August 14, 2013, as marked off the calendar his motion to dismiss the complaint insofar as asserted against him, and thereupon to restore his motion to the calendar, (2) granted that branch of the separate motion of the defendant Paul Ackerman which was to confirm a referee's report (Archer, Ct. Atty. Ref.) dated December 23, 2013, determining that service upon him was defective, and (3), in effect, upon reargument, adhered to a determination in an order of the same court dated May 28, 2012, denying that branch of her prior motion which was for leave to enter a default judgment against the defendant Paul Ackerman, and denied, as academic, that branch of her motion which was for leave to renew her prior motion for leave to enter a default judgment against that defendant given that the service on him was determined to be defective.

Ordered that the order is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof, in effect, denying the motion of the defendant Paul Ackerman pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him, and substituting therefor a provision granting that motion, and (2) by deleting the provision thereof granting the plaintiff's motion pursuant to CPLR 306-b for an extension of time to serve the summons and complaint upon the defendant Paul Ackerman, and substituting therefor a provision denying that motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendant Paul Ackerman.

On February 7, 2011, the plaintiff commenced this action to recover damages for medical malpractice. The plaintiff purportedly served the defendant Paul Ackerman (hereinafter the defendant) at his actual place of business pursuant to CPLR 308 (2) in February 2011, and again in June 2011. When the defendant failed to answer or appear in this action, the plaintiff moved, in January 2012, inter alia, for leave to enter a default judgment against the defendant. In an order dated May 28, 2012, the Supreme Court denied the plaintiff's motion without prejudice to renew. After the plaintiff moved, inter alia, for leave to renew and reargue her motion by notice dated June 28, 2012, the defendant appeared and moved to dismiss the complaint pursuant to CPLR 3211 (a) (8) insofar as asserted against him for lack of personal jurisdiction. Thereafter, the

plaintiff moved pursuant to CPLR 306-b for an extension of time to serve the defendant. The court directed a special referee to hear and report on the validity of service of process, and that hearing was held in May 2013. On August 14, 2013, the defendant failed to appear at a court proceeding for his motion to dismiss, and, on the same date, the court, inter alia, marked the defendant's motion off the calendar. In November 2013, the defendant moved to vacate so much of the August 14, 2013, order as marked off the calendar his motion to dismiss, and thereupon to restore his motion to the calendar. After the special referee issued a report dated December 23, 2013, finding service on the defendant to be defective, the defendant moved to confirm the referee's report.

In the order appealed from, the Supreme Court, inter alia, (1), in effect, upon reargument, adhered to the determination made in the order dated May 28, 2012, denying that branch of the plaintiff's prior motion which was for leave to enter a default judgment against the defendant, and denied, as academic, that branch of the plaintiff's motion which was for leave to renew her prior motion for leave to enter a default judgment against the defendant given that service on him was determined to be defective, (2) granted the defendant's motion to vacate so much of the order dated August 14, 2013, as marked off the calendar his motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) insofar as asserted against him, and thereupon to restore his motion to the calendar, (3) granted that branch of the defendant's separate motion which was to confirm the referee's report determining that service upon him was defective, (4), in effect, denied the defendant's motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him, and (5) granted the plaintiff's motion pursuant to CPLR 306-b for an extension of time to serve the defendant.

Contrary to the plaintiff's contention, the defendant's affidavit submitted in support of his motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him was sufficient to rebut the allegations contained in the affidavit of the plaintiff's process server and raised questions of fact as to whether the defendant was properly served pursuant to CPLR 308 (2) (*see Teitelbaum v North Shore-Long Is. Jewish Health Sys., Inc.*, 123 AD3d 1006, 1007 [2014]; *Miterko v Peaslee*, 80 AD3d 736, 737 [2011]; *McIntyre v Emanuel Church of God In Christ, Inc.*, 37 AD3d 562, 562 [2007]; *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 344 [2003]).

The Supreme Court properly granted the defendant's motion

to confirm the referee's report determining that service upon the defendant was defective. "The plaintiff bears the ultimate burden of proving by a preponderance of the evidence that jurisdiction over the defendant was obtained by proper service of process" (*Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 343 [2003]; *see HSBC Bank USA, N.A. v Hamilton*, 116 AD3d 663, 664 [2014]). The referee's findings were supported by the record, and the referee did not err in giving the defendant's testimony more credence than that of the process server, who lacked credibility based on, inter alia, the fact that his records did not comply with the provisions of General Business Law § 89-cc and the Rules of City of New York Department of Consumer Affairs (*see* 6 RCNY 2-233; *Matter of Barr v Department of Consumer Affairs of City of N.Y.*, 70 NY2d 821, 823 [1987]; *Jhang v Nassau Univ. Med. Ctr.*, 140 AD3d 1018, 1019 [2016]; *Billings v Southside Hosp.*, 122 AD2d 101, 101 [1986]; *Feeney v Booth Mem. Med. Ctr.*, 109 AD2d 865, 865 [1985]).

Furthermore, the Supreme Court providently exercised its discretion in granting the defendant's motion to vacate so much of the prior order dated August 14, 2013, as marked off the calendar, upon his failure to appear at the court, his motion to dismiss, and thereupon to restore the motion to the calendar. The defendant demonstrated a reasonable and substantiated excuse for his attorney's failure to appear for oral argument on the motion's return date, he moved expeditiously to vacate the default, and there was no evidence that the default was willful or that the plaintiff was prejudiced by the delay (*see Nunez v Olympic Fence & Railing Co., Inc.*, 138 AD3d 807, 808 [2016]; *Kramarenko v New York Community Hosp.*, 134 AD3d 770, 772 [2015]; *Montefiore Med. Ctr. v Hartford Acc. & Indem. Co.*, 37 AD3d 673, 673 [2007]; *Liotti v Peace*, 15 AD3d 452, 453 [2005]). In addition, the defendant demonstrated a potentially meritorious position on his motion to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction (*see Montefiore Med. Ctr. v Hartford Acc. & Indem. Co.*, 37 AD3d at 674; *Liotti v Peace*, 15 AD3d at 453).

The Supreme Court improvidently exercised its discretion in granting the plaintiff's motion pursuant to CPLR 306-b for leave to extend the time within which to serve the summons and complaint upon the defendant. A motion pursuant to CPLR 306-b for leave to extend the time for service of a summons and complaint may be granted upon "good cause shown or in the interest of justice" (CPLR 306-b; *see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 104-105 [2001]). The plaintiff failed to establish that she exercised reasonably diligent efforts

in attempting to effect proper service of process upon the defendant and, thus, she failed to show "good cause" (CPLR 306-b; *Wilbyfont v New York Presbyt. Hosp.*, 131 AD3d 605, 607 [2015]; *Moundrakis v Dellis*, 96 AD3d 1026, 1027 [2012]; *Bumpus v New York City Tr. Auth.*, 66 AD3d 26, 32 [2009]; *Kazimierski v New York Univ.*, 18 AD3d 820, 820 [2005]). The plaintiff also failed to establish her entitlement to an extension of time for service of the summons and complaint in the interest of justice (*see Wilbyfont v New York Presbyt. Hosp.*, 131 AD3d at 607; *Redman v South Is. Orthopaedic Group, P.C.*, 78 AD3d 1147, 1148 [2010]; *Baione v Central Suffolk Hosp.*, 14 AD3d 635, 636-637 [2005]; *Ault v Richman*, 299 AD2d 613, 614-615 [2002]).

The plaintiff's remaining contention is without merit.

Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and should have denied the plaintiff's motion pursuant to CPLR 306-b for an extension of time to serve the defendant. Hall, J.P., Sgroi, Maltese and Duffy, JJ., concur.