Silvering v Sunrise Family Med., P.C. (2018 NY Slip Op 03556)





Silvering v Sunrise Family Med., P.C.


2018 NY Slip Op 03556


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-08727
 (Index No. 30911/12)

[*1]Ashley Silvering, etc., et al., appellants, 
v
Sunrise Family Medical, P.C., defendant, Gina Guschel, respondent.


Cophen E. Sears III, Melville, NY, for appellants.
Furey, Furey, Leverage, Manzione, Williams & Darlington, P.C., Hempstead, NY (Susan Weihs Darlington of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated July 12, 2016. The order granted the motion of the defendant Gina Guschel pursuant to CPLR 5015(a)(4) to vacate an order of the same court entered April 15, 2014, which granted leave to enter a defualt judgment against her, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her, and denied the plaintiffs' application pursuant to CPLR 306-b to extend their time to serve the defendant Gina Guschel with the summons and complaint.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as denied the plaintiffs' application pursuant to CPLR 306-b to extend their time to serve the defendant Gina Guschel with the summons and complaint is treated as an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed, with costs.
On April 17, 2010, the plaintiff Ashley Silvering (hereinafter the plaintiff) allegedly was injured when she fell off an examination table at the premises of the defendant Sunrise Family Medical, P.C. (hereinafter Sunrise). On or about October 5, 2012, the plaintiff, and her husband suing derivatively, commenced this action, inter alia, to recover damages for medical malpractice and negligence. Approximately three months later, the plaintiffs filed an affidavit stating that the defendant Gina Guschel (hereinafter the defendant) was served with the summons and complaint pursuant to CPLR 308(2) at the address of Sunrise, which was alleged to be her actual place of business. When the defendant failed to appear or answer, the Supreme Court, by order entered April 15, 2014, granted the plaintiffs' unopposed motion for leave to enter a default judgment on the issue of liability against the defendant.
The defendant thereafter moved pursuant to CPLR 5015(a)(4) to vacate the order [*2]entered April 15, 2014, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. The plaintiffs opposed the motion and made an application for an extension of time to serve the defendant with the summons and complaint. The Supreme Court granted the motion and denied the application. The plaintiffs appeal.
The plaintiffs failed to establish that the defendant was served at her "actual place of business" pursuant to CPLR 308(2). It is undisputed that the defendant was no longer employed by Sunrise at the time that the plaintiffs attempted to serve her (see 1136 Realty, LLC v 213 Union St. Realty Corp., 130 AD3d 590, 591; Selmani v City of New York, 100 AD3d 861; Simmons v Boro Med., 270 AD2d 477, 479). Further, there is no indication that the defendant engaged in any conduct which was designed to conceal the address of her actual place of business. Thus, the process server's alleged reliance on a representation made to him by an individual at Sunrise that Sunrise was the defendant's actual place of business did not serve to estop the defendant from challenging service (see Dorfman v Leidner, 76 NY2d 956, 957-958; Feinstein v Bergner, 48 NY2d 234, 241-242; Continental Hosts v Levine, 170 AD2d 430; Schurr v Fillebrown, 146 AD2d 623, 624). Accordingly, the plaintiffs' attempted service of the summons and complaint on the defendant was defective as a matter of law (see Selmani v City of New York, 100 AD3d at 861; Munoz v Reyes, 40 AD3d 1059; Rios v Zorrilla, 8 AD3d 463).
To the extent the Supreme Court concluded that it lacked discretion to consider the plaintiffs' application pursuant to CPLR 306-b to extend their time to serve the defendant, which was not presented in a proper cross motion pursuant to CPLR 2215, we disagree. Although "a party seeking relief in connection with another party's motion is, as a general rule, required to do so by way of a cross motion," courts "retain discretion to entertain requests for affirmative relief that do not meet the requirements of CPLR 2215" (Fried v Jacob Holding, Inc., 110 AD3d 56, 64-65; see Smulczeski v Smulczeski, 128 AD3d 671, 672).
Nonetheless, the plaintiffs would not have been entitled to the requested relief had they made a cross motion pursuant to CPLR 2215. Having failed to investigate whether the defendant still worked at Sunrise, the plaintiffs failed to demonstrate that they exercised reasonable diligence in attempting to effect service. Thus, the plaintiffs were not entitled to an extension of time for "good cause" (CPLR 306-b; see Hobbins v North Star Orthopedics, PLLC, 148 AD3d 784; Kazimierski v New York Univ., 18 AD3d 820; see generally Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104-106; Bumpus v New York City Tr. Auth., 66 AD3d 26, 31). Nor did the plaintiffs demonstrate circumstances warranting an extension of time "in the interest of justice" (CPLR 306-b). The plaintiffs did not exercise diligence in serving the defendant, the defendant had no notice of the action until over two years after expiration of the statute of limitations, and there was no showing of merit to the plaintiffs' causes of action (see Brown v Sanders, 142 AD3d 940, 941; Wilbyfont v New York Presbyt. Hosp., 131 AD3d 605, 607).
Accordingly, the order granting the defendant's motion and denying the plaintiffs' application must be affirmed insofar as appealed from.
ROMAN, J.P., SGROI, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court