Gengo v Storms (2019 NY Slip Op 02504)





Gengo v Storms


2019 NY Slip Op 02504


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2018-02176
 (Index No. 712661/16)

[*1]Paul J. Gengo, appellant, 
v
Derrick Ramon Storms, respondent.


Law Offices of Stuart D. Markowitz, P.C., Jericho, NY (Efrain Ramos, Jr., of counsel), for appellant.
Jimmy C. Solomos, Astoria, NY, for respondent.



DECISION & ORDER
In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D. R. Sampson, J.), entered December 28, 2017. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint and denied that branch of the plaintiff's cross motion which was pursuant to CPLR 306-b to extend the time to serve process.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On October 23, 2016, the plaintiff commenced this action sounding in legal malpractice. In March 2017, the defendant moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint based on the failure to serve process after two defective attempts at service. The plaintiff opposed the motion and cross-moved, among other things, pursuant to CPLR 306-b to extend the plaintiff's time to serve process. After a hearing to determine the validity of service, the Supreme Court granted the subject branch of the defendant's motion and denied the subject branch of the plaintiff's cross motion. The plaintiff appeals.
"An extension of time for service is a matter within the court's discretion" (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 101). Such a motion may be granted upon "good cause shown or in the interest of justice" (CPLR 306-b). " Good cause' and interest of justice' are two separate and independent statutory standards" (Bumpus v New York City Tr. Auth., 66 AD3d 26, 31).
Both of the plaintiff's attempts at service were defective. The plaintiff failed to establish that he exercised reasonably diligent efforts in attempting to effect proper service. Accordingly, he did not establish a basis for a "good cause" extension of time to serve process pursuant to CPLR 306-b (see Hobbins v North Star Orthopedics, PLLC, 148 AD3d 784, 787-788; Wilbyfont v New York Presbyt. Hosp., 131 AD3d 605, 607). Nor has the plaintiff set forth grounds for an extension of time in the interest of justice. Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendant's motion which was to dismiss the complaint and to deny that branch of the plaintiff's cross motion which was to extend the time to serve process.
MASTRO, J.P., ROMAN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court