Williams v St. John's Episcopal Hosp. (2019 NY Slip Op 04991)





Williams v St. John's Episcopal Hosp.


2019 NY Slip Op 04991


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-04577
 (Index No. 18555/14)

[*1]Vijay Williams, appellant, 
v
St. John's Episcopal Hospital, et al., defendants, Alex Delman, etc., respondent.


Samuels & Associates, P.C., Rosedale, NY (Violet E. Samuels of counsel), for appellant.
Bréa Yankowitz, P.C., Floral Park, NY (Patrick J. Bréa of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered March 13, 2017. The order, insofar as appealed from, after a hearing to determine the validity of service of process, granted that branch of the motion of the defendant Alex Delman which was pursuant to CPLR 5015(a)(4) to vacate an order of the same court dated April 25, 2016, entered upon his failure to appear or answer the complaint, granted the application of the defendant Alex Delman to dismiss the complaint insofar as asserted against him, and denied the plaintiff's cross motion pursuant to CPLR 306-b for leave to extend his time to serve the defendant Alex Delman with the summons and complaint.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order entered March 13, 2017, as granted the application of the defendant Alex Delman to dismiss the complaint insofar as asserted against him is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order entered March 13, 2017, is affirmed insofar as appealed from, with costs.
On November 27, 2012, the plaintiff allegedly was injured when the defendant Alex Delman (hereinafter the defendant) failed to diagnose a large pneumothorax. On December 31, 2014, the plaintiff commenced this action, inter alia, to recover damages for medical malpractice. In an order dated September 24, 2015, the Supreme Court granted the plaintiff's unopposed motion pursuant to CPLR 306-b to extend his time to serve, among others, the defendant with the summons and complaint. According to an affidavit of service, on January 22, 2016, the plaintiff's process server delivered a copy of the summons and complaint to a person of suitable age and discretion at the defendant's actual place of business and mailed a copy of the summons and complaint to the defendant at his actual place of business. In an order dated April 25, 2016, the court granted the plaintiff's motion for leave to enter a default judgment against the defendant upon his failure to appear or answer the complaint.
By order to show cause dated June 2, 2016, the defendant moved, inter alia, for a hearing to determine the validity of service of process and pursuant to CPLR 5015(a)(4) to vacate the order dated April 25, 2016, for lack of personal jurisdiction. By notice dated June 20, 2016, the plaintiff cross-moved pursuant to CPLR 306-b to extend his time to serve the defendant with the summons and complaint in the event that service was found to be defective. Thereafter, the defendant served an affirmation dated July 13, 2016, in reply and opposition to the cross motion, and the plaintiff served papers in reply, which alleged that the defendant was re-served with process pursuant to CPLR 308(1) on July 18, 2016. The Supreme Court granted that branch of the defendant's motion which was for a hearing to determine the validity of service of process. After the hearing, the court determined that the defendant was not properly served with the summons and complaint pursuant to CPLR 308(2) on January 22, 2016. In an order entered March 13, 2017, the court granted that branch of the defendant's motion which was to vacate the order dated April 25, 2016, granted the defendant's application to dismiss the complaint insofar as asserted against him, and denied the plaintiff's cross motion. The plaintiff appeals.
We agree with the Supreme Court's determination that service of process on the defendant was invalid. The plaintiff failed to establish that his process server could not with due diligence be compelled to attend the hearing, and, thus, his affidavit of service was not admissible into evidence (see CPLR 4531; Hallston Manor Farm, LLC v Andrew, 60 AD3d 1330, 1331). Since the plaintiff failed to prove by a preponderance of the evidence that jurisdiction over the defendant was obtained by proper service of process (see Hobbins v North Star Orthopedics, PLLC, 148 AD3d 784, 787; Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343, 343), we agree with the court's determination to grant that branch of the defendant's motion which was to vacate the order dated April 25, 2016, based on lack of personal jurisdiction.
The Supreme Court providently exercised its discretion in denying the plaintiff's cross motion pursuant to CPLR 306-b to extend his time to serve the defendant with the summons and complaint. Pursuant to CPLR 306-b, a court may, in the exercise of discretion, grant a motion for an extension of time to effect service for "good cause shown" or "in the interest of justice" (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104; Emigrant Bank v Estate of Robinson, 144 AD3d 1084, 1085; Bumpus v New York City Tr. Auth., 66 AD3d 26, 31). The plaintiff failed to demonstrate good cause for an extension of time, as he did not establish that he exercised reasonable diligence in attempting to effect service upon the defendant (see Holbeck v Sosa-Berrios, 161 AD3d 957, 958; Kazimierski v New York Univ., 18 AD3d 820; Baione v Central Suffolk Hosp., 14 AD3d 635, 636-637). In addition, the plaintiff failed to establish his entitlement to an extension of time in the interest of justice (see Jung Hun Cho v Bovasso, 166 AD3d 868, 870; Hourie v North Shore-Long Is. Jewish Health Sys., Inc.-Lenox Hill Hosp., 150 AD3d 707, 709; Umana v Sofola, 149 AD3d 1138, 1139-1140), given the extreme lack of diligence in the plaintiff's attempts to serve the defendant, the one-year delay after the statute of limitations had expired before the defendant received any notice of this action, the seven-month delay between the time that the court granted the plaintiff's prior request for an extension of time to serve the defendant and the defendant's receipt of notice of this action, the prejudice to the defendant if an extension were to be granted, and the plaintiff's failure to establish that he had a potentially meritorious medical malpractice cause of action against the defendant (see Slate v Schiavone Constr. Co., 4 NY3d 816, 817; Wilbyfont v New York Presbyt. Hosp., 131 AD3d 605, 607; Redman v South Is. Orthopaedic Group, P.C., 78 AD3d 1147, 1148; Fiel v Schneyer, 33 AD3d 852; Henig v Good Samaritan Med. Ctr., 301 AD2d 571).
We agree with the Supreme Court's determination to grant the defendant's application to dismiss the complaint insofar as asserted against him based on lack of personal jurisdiction (see CPLR 3211[a][8]).
We also agree with the Supreme Court's determination not to consider an affidavit of service dated July 21, 2016, which was improperly submitted by the plaintiff for the first time in reply (see Bank of Am., N.A. v Moody, 147 AD3d 712, 713; Duran v Milord, 126 AD3d 932, 933; Alto v Firebaugh Realty Corp., N.V., 33 AD3d 738, 739).
BALKIN, J.P., ROMAN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court