Wells Fargo Bank, NA v Tobing (2025 NY Slip Op 00244)

Wells Fargo Bank, NA v Tobing

2025 NY Slip Op 00244

Decided on January 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2021-08554
 (Index No. 102994/08)

[*1]Wells Fargo Bank, NA, etc., appellant, 
v
Sylvia Tobing, respondent, et al., defendants.

McCalla Raymer Leibert Pierce, LLC, New York, NY (Daniel S. LoPresti of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Lisa Grey, J.), dated November 3, 2021. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant Sylvia Tobing.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In July 2008, the plaintiff commenced this residential mortgage foreclosure action against the defendant Sylvia Tobing (hereinafter the defendant), among others. The defendant allegedly was served by the "nail and mail" method pursuant to CPLR 308(4), but failed to answer the complaint or otherwise appear in the action, and in September 2009, the Supreme Court issued a judgment of foreclosure and sale upon the defendant's default. On November 30, 2009, the defendant appeared in the action and moved to stay the foreclosure sale of the property on the ground that she was not properly served with the summons and complaint. Following litigation and motion practice, this Court, in a decision and order dated August 28, 2019, inter alia, remitted the matter to the Supreme Court, Richmond County, for a hearing to determine whether the defendant was properly served with process, and thereafter a new determination of the defendant's motion (see Wells Fargo Bank, NA v Tobing, 175 AD3d 745, 748). In June 2021, the plaintiff moved, among other things, pursuant to CPLR 306-b to extend the time to serve the defendant with the summons and complaint. The defendant opposed the motion and cross-moved, inter alia, for a hearing to determine whether the defendant was properly served with process. In an order dated November 3, 2021, the Supreme Court, among other things, denied that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant. The plaintiff appeals.
Since there has been no hearing to determine the validity of service of process upon the defendant, as directed in the decision and order of this Court dated August 28, 2019 (see Wells Fargo Bank, NA v Tobing, 175 AD3d 745), under the circumstances of this case, it is premature to determine the issue of whether the plaintiff should be granted an extension of time to serve the defendant pursuant to CPLR 306-b (see Citibank, N.A. v Balsamo, 176 AD3d 775, 776; Wilbyfont v New York Presbyt. Hosp., 131 AD3d 605, 606).
Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant (see Citibank, N.A. v Balsamo, 176 AD3d at 776).
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court