■ CARMELO MANISCALCO, Appellant, v MOUNT SINAI MEDICAL CENTER, Respondent. [9 NYS3d 650]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated February 28, 2014, as, upon reargument, adhered to a prior determination in an order dated October 3, 2013, denying the plaintiff's motion to vacate an order of the same court dated October 12, 2012, granting the defendant's unopposed motion for summary judgment dismissing the complaint, and a judgment entered November 19, 2012, dismissing the complaint.

Ordered that the order dated February 28, 2014, is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, upon reargument, the plaintiff's motion to vacate the order dated October 12, 2012, and the judgment entered November 19, 2012, is granted, the orders dated October 12, 2012, and October 3, 2013, and the judgment are vacated, and the matter is remitted to the Supreme Court, Queens County, to establish a schedule for the submission of opposition and reply papers, and thereafter, for a determination, on the merits, of the defendant's motion for summary judgment dismissing the complaint.

In November 2010, the plaintiff commenced this action against the defendant, alleging that the defendant was negligent in treating the plaintiff in August 2009. In December 2010, the defendant interposed a verified answer. At a conference on August 14, 2012, the Supreme Court directed the defendant to serve and file its motion for summary judgment by August 24, 2012, and the plaintiff's opposition papers were to be served by September 26, 2012. The defendant complied with

the motion schedule but the plaintiff failed to do so. On October 3, 2012, the defendant's motion was scheduled for oral argument, at which time a per diem attorney hired by the plaintiff's attorney of record requested an adjournment of the return date. The Supreme Court denied the request. In an order dated October 12, 2012, the Supreme Court granted the defendant's unopposed motion for summary judgment dismissing the complaint. On November 19, 2012, a judgment was entered upon the order dated October 12, 2012, dismissing the complaint. In late March 2013, the plaintiff moved to vacate the order and the judgment. In an order dated October 3, 2013, the Supreme Court denied the plaintiff's motion to vacate. The plaintiff then moved pursuant to CPLR 2221 for leave to reargue his motion to vacate. In the order appealed from, dated February 28, 2014, the Supreme Court, upon granting reargument, adhered to its prior determination denying the plaintiff's motion to vacate. The plaintiff appeals from so much of the order dated February 28, 2014, as adhered to the prior determination.

"A party seeking to vacate an order entered upon his or her failure to oppose a motion is required to demonstrate, through the submission of supporting facts in evidentiary form, both a reasonable excuse for the default and the existence of a potentially meritorious opposition to the motion" (*Bhuiyan v New York City Health & Hosps. Corp.*, 120 AD3d 1284, 1284 [2014]; *see Garcia v Shaw*, 118 AD3d 943 [2014]).

Under the circumstances of this case, including that it involves complex medical malpractice issues, that there were no prior adjournments of the defendant's motion, and that there is a strong public policy favoring resolution of cases on their merits (*see Warner v Orange County Regional Med. Ctr.*, 126 AD3d 887 [2015]), the Supreme Court, upon reargument, improvidently exercised its discretion in adhering to its prior determination denying the plaintiff's motion to vacate the order dated October 12, 2012, and the judgment entered November 19, 2012 (*see Hogan v Schwartz*, 119 AD3d 650 [2014]). Instead, the Supreme Court should have granted the plaintiff's request for an adjournment of the return date on the defendant's motion for summary judgment dismissing the complaint. Accordingly, we remit the matter to the Supreme Court, Queens County, to establish a briefing schedule for the submission of opposition and reply papers, and thereafter, for a determination, on the merits, of the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Balkin, Miller and Maltese, JJ., concur.