■ YOUNG SU HWANGBO et al., Plaintiffs, v DANIEL NASTRO et al., Defendants. LAW OFFICES OF ANDREW PARK, P.C., Nonparty Appellant; LAW OFFICES OF CHARLES KHYM, P.C., Nonparty Respondent. [60 NYS3d 412]—

In an action to recover damages for personal injuries, nonparty Law Offices of Andrew Park, P.C., appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), entered May 22, 2015, which denied its motion (1) pursuant to CPLR 5015 to vacate an order of the same court entered November 13, 2014, denying its application to extend the time to provide the court with proof of the work it performed on behalf of the plaintiffs Jung Mi Gimm and Erin Gimm beyond the deadline set forth in a prior order of the same court entered August 22, 2014, and, sua sponte, deeming its right to an attorney's charging lien pursuant to Judiciary Law § 475 and request for an allocation of attorney's fees abandoned based on its failure to comply with the deadline, and (2) to modify the prior order entered August 22, 2014, by extending the deadline.

Ordered that the order entered May 22, 2015, is reversed, on the facts and in the exercise of discretion, with costs, the motion of the nonparty Law Offices of Andrew Park, P.C., pursuant to CPLR 5015 to vacate the order entered November 13, 2014, and to modify the order entered August 22, 2014, by extending the time to provide the Supreme Court with proof of the work performed by it on behalf of the plaintiffs Jung Mi Gimm and Erin Gimm is granted, the order entered November 13, 2014, is vacated, the order entered August 22, 2014, is modified so as to delete the September 4, 2014, submission deadline, and the matter is remitted to the Supreme Court, Queens County, to determine a new deadline by which the nonparty Law Offices of Andrew Park, P.C., and the nonparty Law Offices of Charles Khym, P.C., are required to submit proof of the work performed by each of them on behalf of the plaintiffs Jung Mi Gimm and Erin Gimm in this action, and thereafter for a determination of the allocation of attorney's fees between them.

The plaintiffs Jung Mi Gimm and Erin Gimm (hereinafter together the plaintiffs) allegedly were injured in a motor vehicle accident. Initially, the plaintiffs sought counsel from the nonparty Law Offices of Charles Khym, P.C. (hereinafter the Khym firm). However, prior to commencement of this action to recover damages for their alleged injuries, in February 2010, the plaintiffs changed representation to Sim & Park, LLP, the predecessor of the nonparty Law Office of Andrew Park, P.C.

(hereinafter the Park firm). The Park firm then represented the plaintiffs from the commencement of this action through discovery to a post-note of issue pretrial conference. Subsequently, in August 2012, the plaintiffs changed representation back to the Khym firm. The Khym firm eventually settled the case on behalf of the plaintiffs before trial.

The Park firm moved to fix and enforce its right to a charging lien against the plaintiffs' settlement proceeds. In an order entered August 22, 2014 (hereinafter the August 2014 order), the Supreme Court determined, in effect, that the Park firm was entitled to a proportionate share of the contingency fee of $33^{1}/_{3}\%$ with respect to the work it performed in representing the plaintiffs. The court stated that it would not conduct a hearing to determine the amount of the lien but would rely on submissions from both the Park firm and the Khym firm demonstrating the work performed by each of them. Although the Park firm had submitted proof of the work it performed on behalf of the plaintiffs as exhibits to its motions, the Khym firm had not submitted any proof of its efforts in procuring the settlement of this case on behalf of the plaintiffs, and the court directed both the Park firm and the Khym firm to submit their proof of such work to chambers no later than September 4, 2014. Neither firm submitted proof of their work prior to the expiration of the September 4, 2014 deadline.

By facsimile transmission to the Supreme Court dated October 30, 2014, the Park firm requested an extension of time on behalf of both firms to comply with the directive set forth in the August 2014 order. In support of its application, the Park firm explained that it had not received a copy of the August 2014 order until October 16, 2014, after the deadline fixed in the order had already passed. The application was also supported by a copy of the affidavit of legal services and exhibits that had previously been provided to the court during motion practice.

In an order entered November 13, 2014 (hereinafter the November 2014 order), the Supreme Court denied the Park firm's application for an extension of time, finding that it had failed to offer a reasonable excuse for its failure to "follow up for a decision" on its motion. The court also, sua sponte, deemed the Park firm's right to an attorney's charging lien pursuant to Judiciary Law § 475 and request for an allocation of attorney's fees abandoned. The Park firm then moved pursuant to CPLR 5015 to vacate the November 2014 order and to modify the August 2014 order by extending the September 4, 2014 deadline, attributing its delay in obtaining a copy of the August

2014 order to the fact that the attorney handling the matter on its behalf had left the firm. The court denied the Park firm's motion. The Park firm appeals.

Pursuant to CPLR 5015 (a) (1), a party seeking to vacate a default must demonstrate a reasonable excuse for his or her default and a potentially meritorious claim or defense (*see* CPLR 5015 [a] [1]; *Matter of Sylvia G. [Carniello—Marlowe]*, 139 AD3d 851, 853 [2016]). The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion (*see New York Hosp. Med. Ctr. of Queens v Nationwide Mut. Ins. Co.*, 120 AD3d 1322, 1323 [2014]). "Whether a proffered excuse is 'reasonable' is a 'sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits' " (*Fried v Jacob Holding, Inc.*, 110 AD3d 56, 60 [2013], quoting *Harcztark v Drive Variety, Inc.*, 21 AD3d 876, 876-877 [2005]; *see Brinson v Pod*, 129 AD3d 1005, 1008-1009 [2015]; *Suede v Suede*, 124 AD3d 869, 871 [2015]). "Documented law office failure may constitute a reasonable excuse" (*Moore v Day*, 55 AD3d 803, 804 [2008]; *see* CPLR 2005; *Servilus v Walcott*, 148 AD3d 743, 744 [2017]).

Here, considering all of the relevant factors, including the brief delay between the submission deadline set by the Supreme Court and the date on which the Park firm requested an extension of time, the lack of prejudice to the Khym law firm, the fact that the Khym firm would retain the entire attorney's fee despite the fact that it defaulted in submitting any proof to the court with respect to the work it performed on behalf of the plaintiffs, and the lack of willfulness on the part of the Park firm, the court improvidently exercised its discretion in not accepting the Park firm's excuse of law office failure for its default in meeting the deadline set forth in the August 2014 order (*see Oller v Liberty Lines Tr., Inc.*, 111 AD3d 903, 904 [2013]; *Toll Bros., Inc. v Dorsch*, 91 AD3d 755, 756 [2012]; *Zaidi v New York Bldg. Contrs., Ltd.*, 61 AD3d 747, 748 [2009]; *Dorio v County of Suffolk*, 58 AD3d 594, 595 [2009]; *Moore v Day*, 55 AD3d at 804-805).

Furthermore, the Park firm demonstrated that it had a potentially meritorious claim to its charging lien against the plaintiffs' settlement proceeds, which the Supreme Court had already determined the Park firm was entitled to before it later determined, sua sponte, that the Park firm had abandoned its right to the lien (*see* Judiciary Law § 475; *Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454, 458 [1989]).

Accordingly, the Supreme Court should have granted the Park firm's motion to vacate the November 2014 order and to modify the August 2014 order by extending the time by which the Park firm and the Khym firm must provide the court with proof of the work they performed on behalf of the plaintiffs in this action. Dillon, J.P., Austin, Hinds-Radix and LaSalle, JJ., concur.