Jackson v Kothuru (2020 NY Slip Op 02770)





Jackson v Kothuru


2020 NY Slip Op 02770


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-05180
 (Index No. 21970/13)

[*1]Williemae Jackson, appellant,
v
Ravi Kothuru, etc., et al., respondents, et al., defendant.


Bauman & Kunkis, P.C., New York, NY (Roger M. Kunkis and Mischel & Horn, P.C. [Scott T. Horn and Lauren E. Bryant], of counsel), for appellant.
Martin Clearwater & Bell LLP, New York, NY (Barbara D. Goldberg and Yuko A. Nakahara of counsel), for respondent Ravi Kothuru.
Dwyer & Taglia, New York, NY (Gary J. Dwyer of counsel), for respondent Sudesh Srivastava.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP,
Lake Success, NY (Jonathan A. Heller of counsel), for respondents Emmanuel Valery and Bedford Medical Group, LLP.
Kaufman Borgeest & Ryan LLP, Valhalla, NY (Jacqueline Mandell of counsel), for respondent Kingsbrook Jewish Medical Center and defendant Mohammad Chughtai.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Michelle Weston, J.), dated March 25, 2019. The order denied the plaintiff's motion, among other things, pursuant to CPLR 5015 to vacate an order of the same court dated December 4, 2018, granting the unopposed motions of the defendants Ravi Kothuru, Emmanuel Valery, Bedford Medical Group, LLP, Sudesh Srivastava, and Kingsbrook Jewish Medical Center for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order dated March 25, 2019, is reversed, on the facts and in the exercise of discretion, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the plaintiff's motion to vacate the order dated December 4, 2018, is granted, and the matter is remitted to the Supreme Court, Kings County, to establish a schedule for the submission of opposition and reply papers, and thereafter, for a determination, on the merits, of the motions of the defendants Ravi Kothuru, Emmanuel Valery, Bedford Medical Group, LLP, Sudesh Srivastava, and Kingsbrook Jewish Medical Center for summary judgment dismissing the complaint insofar as asserted against each of them.
In December 2013, the plaintiff commenced this action to recover damages for medical malpractice against various defendants in connection with the care she received from them beginning in 2012 for a recurring fainting condition. After the completion of discovery, the defendants Ravi Kothuru, Emmanuel Valery, Bedford Medical Group, LLP, Sudesh Srivastava, and [*2]Kingsbrook Jewish Medical Center (hereinafter collectively the moving defendants) separately moved, in December 2016, for summary judgment dismissing the complaint insofar as asserted against each of them. On February 6, 2017, counsel for the plaintiff and the moving defendants stipulated to adjourn all summary judgment motions to May 8, 2017, and established a schedule requiring opposition papers to be served on or before March 20, 2017, and reply papers to be served on or before April 10, 2017.
The plaintiff missed the March 20, 2017, deadline and purported to serve her opposition papers on April 10, 2017, with a cover letter attributing the error to a misreading of the stipulation. Each of the moving defendants objected to the plaintiff's untimely opposition papers.
In an order dated December 4, 2018, the Supreme Court granted, as unopposed, the moving defendants' motions for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiff then moved, inter alia, pursuant to CPLR 5015 to vacate the December 4, 2018, order. The Supreme Court denied the motion, and the plaintiff appeals.
In order to vacate a default in opposing a motion pursuant to CPLR 5015(a)(1), the moving party is required to demonstrate a reasonable excuse for the default as well as a potentially meritorious opposition to the motion (see Rocco v Family Foot Ctr., 94 AD3d 1077, 1079).
Under the circumstances of this case, including that the plaintiff's counsel's scheduling error was brief, isolated, and unintentional, with no evidence of willful neglect (compare Maniscalco v Mount Sinai Med. Ctr., 128 AD3d 1029, SS Constantine & Helen's Romanian Orthodox Church of America v Z. Zindel, Inc., 44 AD3d 744, and Montefiore Med. Ctr. v Hartford Acc. & Indem. Co., 37 AD3d 673, with Thapt v Lutheran Med. Ctr., 89 AD3d 837), and considering the strong public policy in favor of resolving cases on the merits (see Kramarenko v New York Community Hosp., 134 AD3d 770, 772; Vera v Soohoo, 99 AD3d 990, 994), the Supreme Court improvidently exercised its discretion in rejecting the plaintiff's excuse of law office failure as unreasonable (see Maniscalco v Mount Sinai Med. Ctr., 128 AD3d at 1030).
Further, the plaintiff also demonstrated, through her expert physician's affidavit, that she had a potentially meritorious opposition to the moving defendants' motions (see Di Simone v Good Samaritan Hosp., 100 NY2d 632, 634).
The moving defendants' remaining contention is without merit.
Accordingly, we reverse the order dated March 25, 2019, grant the plaintiff's motion to vacate the order dated December 4, 2018, and remit the matter to the Supreme Court, Kings County, to establish a schedule for the submission of opposition and reply papers, and thereafter, for a determination, on the merits, of the moving defendants' summary judgment motions.
CHAMBERS, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court