Bellevue v Gustav (2020 NY Slip Op 04448)





Bellevue v Gustav


2020 NY Slip Op 04448


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-12671
2019-03658
 (Index No. 8362/15)

[*1]Marie Bellevue, etc., et al., appellants,
v
Gary Gustav, et al., respondents.


Frekhtman & Associates, Brooklyn, NY (Eileen Kaplan of counsel), for appellants.
Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Nicholas P. Hurzeler and Karen Campbell of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 10, 2018, and (2) an order of the same court dated January 31, 2019. The order dated May 10, 2018, insofar as appealed from, denied that branch of the plaintiffs' motion which was to vacate so much of an order of the same court (Martin Schneier, J.H.O.), dated December 13, 2017, as conditionally granted that branch of the defendants' motion which was pursuant to CPLR 3126 for an order of preclusion, and granted the defendants' cross motion for a final order of preclusion The order dated January 31, 2019, denied the plaintiffs' motion for leave to renew and reargue their prior motion.
ORDERED that the appeal from so much of the order dated January 31, 2019, as denied that branch of the plaintiffs' motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated May 10, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated January 31, 2019, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
In 2015, the plaintiffs commenced this action against the defendants, inter alia, to recover damages for wrongful death. After issue was joined, the plaintiffs were directed to appear for their depositions by a preliminary conference order dated July 28, 2016, and thereafter, a compliance conference order dated November 23, 2016. After the plaintiffs were provided with multiple adjournments at their request, the Supreme Court issued an order dated September 29, 2017, directing the plaintiffs to appear for depositions on November 2 and 3, 2017. When the plaintiffs requested a further adjournment of their depositions, the defendants moved, inter alia, pursuant to CPLR 3126 for an order of preclusion. The plaintiffs did not file opposition papers. By order dated [*2]December 13, 2017, the court conditionally granted that branch of the defendants' motion which was to preclude unless the plaintiffs appeared for their depositions on February 27 and 28, 2018.
The plaintiffs failed to appear for their scheduled depositions on February 27 and 28, 2018. On or about March 21, 2018, the plaintiffs moved, inter alia, to vacate the conditional order of preclusion dated December 13, 2017, claiming that their failures to appear for their depositions were due to the medical condition of the plaintiff Gertrude Francois. The defendants cross-moved for a final order of preclusion. In opposition to the defendants' cross motion and in further support of their motion, the plaintiffs submitted Francois's affidavit in an effort to substantiate her medical condition. By order dated May 10, 2018, the Supreme Court denied the plaintiffs' motion and granted the defendants' cross motion. By notice of motion dated October 4, 2018, the plaintiffs moved for leave to renew and reargue their motion to vacate. In support of their motion, the plaintiffs submitted a letter from a doctor who treated Francois in her home for two years. By order dated January 31, 2019, the court denied the plaintiffs' motion for leave to renew and reargue. The plaintiffs appeal.
In seeking to vacate the conditional order of preclusion, the plaintiffs were required to demonstrate both a reasonable excuse for their default in opposing the defendants' motion, inter alia, for an order of preclusion and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Kisiletskiy v Pena, 153 AD3d 800, 801; Maniscalco v Mount Sinai Med. Ctr., 128 AD3d 1029, 1030). The plaintiffs failed to proffer a reasonable excuse for their default in opposing the defendants' motion. Furthermore, the record reveals that the plaintiffs' lack of cooperation with disclosure was willful and contumacious (see Watson v 518 Pa. Hous. Dev. Fund Corp., 160 AD3d 907, 910; Brady v County of Nassau, 234 AD2d 408). The plaintiffs' failures, over a period of 13 months and despite three court orders, to appear for depositions, coupled with their failures to substantiate a reasonable excuse for their defaults, supports an inference that their conduct was willful and contumacious (see Dankenbrink v Dankenbrink, 154 AD3d 809, 810; Sadoyan v Castro, 102 AD3d 666, 667; Orgel v Stewart Tit. Ins. Co., 91 AD3d 922, 924). Accordingly, we agree with the Supreme Court's determination to deny that branch of the plaintiffs' motion which was to vacate the conditional order of preclusion and to grant the defendants' cross motion for a final order of preclusion.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]). Renewal is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation (see JPMorgan Chase Bank, N.A. v Rosa, 169 AD3d 887, 892). Here, the plaintiffs did not proffer any reasonable justification for failing to present the doctor's letter in support of their prior motion, inter alia, to vacate the conditional order of preclusion (see Wells Fargo Bank v Allen, 130 AD3d 717, 718; Zelouf Intl. Corp. v Rivercity, LLC, 123 AD3d 1116; Smith v State of New York, 71 AD3d 866, 868). Accordingly, we agree with the Supreme Court's denial of that branch of the plaintiffs' motion which was for leave to renew (see Zelouf Intl. Corp. v Rivercity, LLC, 123 AD3d 1116).
MASTRO, J.P., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court