Wells Fargo Bank, N.A. v Spiegel (2020 NY Slip Op 05972)





Wells Fargo Bank, N.A. v Spiegel


2020 NY Slip Op 05972


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2018-09785
 (Index No. 26575/11)

[*1]Wells Fargo Bank, N.A., etc., appellant,
v
Faiga M. Spiegel, etc., respondent, et al., defendants.


Gross Polowy, LLC, Williamsville, NY (Lisa M. Bradley of counsel), for appellant.
Esther Noe Engelson, Suffern, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated April 18, 2018. The order denied the plaintiff's motion, in effect, pursuant to CPLR 5015(a)(1) to vacate its default in appearing on the return date of its motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Faiga M. Spiegel and that defendant's cross motion to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In 2011, the plaintiff commenced this action, inter alia, to foreclose a mortgage given by the defendant Faiga M. Spiegel (hereinafter the defendant). Thereafter, in June 2014, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion and cross-moved to dismiss the complaint. The motion and cross motion were adjourned several times, and, on November 13, 2015, the return dates of the motion and cross motion were adjourned to January 15, 2016. On January 15, 2016, the plaintiff failed to appear, and the Supreme Court orally granted the defendant's cross motion to dismiss and marked the plaintiff's motion off the calendar. Thereafter, the plaintiff moved to vacate its default in appearing on the return date of the motion and cross motion, citing law office failure as its reasonable excuse. In an order dated February 6, 2017, the court denied the plaintiff's motion. By notice of motion dated December 14, 2017, the plaintiff again moved, in effect, pursuant to CPLR 5015(a)(1) to vacate its default, citing law office failure as its reasonable excuse. In an order dated April 18, 2018, the court denied the plaintiff's motion. The plaintiff appeals from the order dated April 18, 2018.
We agree with the Supreme Court's determination to deny the plaintiff's second motion, in effect, pursuant to CPLR 5015(a)(1) to vacate its default in appearing on the return date of the motion and cross motion. The plaintiff was precluded from making a second motion to vacate its default on the same ground raised in the prior motion (see Viva Dev. Corp. v United Humanitarian Relief Fund, 108 AD3d 619, 620; JMP Pizza, LLC v 34th St. Pizza, LLC, 104 AD3d 648).
In light of our determination, we need not address the plaintiff's remaining contentions.
RIVERA, J.P., ROMAN, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court