Hinds v 33rd St. Astoria, Inc. (2021 NY Slip Op 04749)





Hinds v 33rd St. Astoria, Inc.


2021 NY Slip Op 04749


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2018-12208
 (Index No. 503741/13)

[*1]Patricia Hinds, respondent, 
v
33rd Street Astoria, Inc., appellant, et al., defendants (and a third-party action).


Rothkrug Rothkrug & Spector, LLP, Great Neck, NY (Simon H. Rothkrug of counsel), for appellant.
Boatti PLLC, Brooklyn, NY (Richard Stephen Boatti of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant 33rd Street Astoria, Inc., appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated August 22, 2018. The order denied that defendant's motion for leave to reargue its opposition to the plaintiff's motion pursuant to CPLR 3126 to strike that defendant's answer and for leave to enter a default judgment against that defendant, which was granted in an order of the same court (Arthur M. Schack, J.) dated February 22, 2016, and, in the alternative, pursuant to CPLR 5015(a)(1) to vacate the order dated February 22, 2016.
ORDERED that the appeal from so much of the order dated August 22, 2018, as denied that branch of the motion of the defendant 33rd Street Astoria, Inc., which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated August 22, 2018, is affirmed insofar as reviewed; and it is further;
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff moved pursuant to CPLR 3126 to strike the appellant's answer and for leave to enter a default judgment against the appellant based on the appellant's willful noncompliance with court-ordered discovery. The appellant opposed the motion. In an order dated February 22, 2016, the Supreme Court granted the plaintiff's motion. In March 2018, the appellant moved for leave to reargue its opposition to the plaintiff's motion and, alternatively, pursuant to CPLR 5015(a)(1) to vacate the February 22, 2016 order. In the order appealed from, the court denied the appellant's motion.
The Supreme Court properly denied that branch of the appellant's motion which was pursuant to CPLR 5015(a)(1) to vacate the February 22, 2016 order. Since the plaintiff's motion pursuant to CPLR 3126 to strike the appellant's answer and for leave to enter a default judgment against the appellant was opposed on the merits by the appellant, the order granting that motion was appealable, and the appellant's motion pursuant to CPLR 5015(a)(1) to vacate it was procedurally improper (see Cole-Hatchard v Eggers, 132 AD3d 718, 719; Pinapati v Pagadala, 244 AD2d 676; [*2]Pergamon Press v Tietze, 81 AD2d 831).
RIVERA, J.P., HINDS-RADIX, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court