Valesquez v Landino (2023 NY Slip Op 01023)

Valesquez v Landino

2023 NY Slip Op 01023

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-01640
 (Index No. 7572/15)

[*1]Yolanda Lois Valesquez, etc., appellant,
v
Francesca Landino, respondent.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker, LLP, White Plains, NY (Patrick J. Lawless and Danielle S. Tauber of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated January 13, 2020. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated March 26, 2019, granting the defendant's unopposed motion for summary judgment dismissing the complaint.
ORDERED that the order dated January 13, 2020, is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, that branch of the plaintiff's motion which was pursuant to CPLR 5015(a)(1) to vacate the order dated March 26, 2019, is granted, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
In June 2015, Luis Figueroa (hereinafter the decedent) commenced this action to recover damages for personal injuries he alleged he sustained in February 2015 when he slipped and fell on the sidewalk outside an apartment building owned by the defendant. Following the decedent's death, his wife (hereinafter the plaintiff), as administrator of his estate, was substituted as the plaintiff pursuant to an order dated August 12, 2016.
After the completion of discovery, the defendant moved for summary judgment dismissing the complaint. The Supreme Court directed that the plaintiff submit her opposition no later than February 25, 2019, and set a return date of March 8, 2019. The plaintiff missed the February 25, 2019 deadline and attempted to serve the opposition papers on March 7, 2019. During the court appearance on March 8, 2019, the plaintiff requested an adjournment of time to submit her opposition to the defendant's motion. Counsel for the plaintiff advised the court that someone in her law firm had mistakenly entered, on the law firm's calendaring system, the return date of March 8, 2019, as the date when the opposition was due. The court denied the request. Thereafter, in an order dated March 26, 2019 (hereinafter the March 2019 order), the court granted, as unopposed, the defendant's motion for summary judgment dismissing the complaint. The plaintiff moved, among other things, pursuant to CPLR 5015(a)(1) to vacate the March 2019 order. In an order dated January 13, 2020 (hereinafter the January 2020 order), the court, inter alia, denied the motion. The [*2]plaintiff appeals.
In order to vacate a default in opposing a motion pursuant to CPLR 5015(a)(1), the moving party is required to demonstrate a reasonable excuse for the default as well as a potentially meritorious opposition to the motion (see Jackson v Kothuru, 183 AD3d 707, 708; Rocco v Family Foot Ctr., 94 AD3d 1077, 1079). Here, the plaintiff's excuse of law office failure was reasonable (see Jackson v Kothuru, 183 AD3d at 707-709; Lotz v Westbourne Apts., Inc., 159 AD3d 810, 812), and she also demonstrated that she had a potentially meritorious opposition to the defendant's motion (see Garcia v City of NY, 189 AD3d 788, 789).
Under the circumstances of this case, including that the scheduling error by counsel for the plaintiff was brief, isolated, and unintentional, with no evidence of wilful neglect (see id. at 789; Young Su Hwangbo v Nastro, 153 AD3d 963, 965), and considering the strong public policy in favor of resolving cases on the merits (see Young Su Hwangbo v Nastro, 153 AD3d at 965; Brinson v Pod, 129 AD3d 1005, 1009), the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was to vacate the March 2019 order (see Young Su Hwangbo v Nastro, 153 AD3d at 965; Maniscalco v Mount Sinai Med. Ctr., 128 AD3d 1029, 1030).
Accordingly, we reverse so much of the January 2020 order as denied that branch of the plaintiff's motion which was to vacate the March 2019 order and remit the matter to the Supreme Court, Kings County, to set a new schedule for the plaintiff's opposition to the defendant's motion and the defendant's reply and, thereafter, for a determination on the merits of the defendant's motion for summary judgment dismissing the complaint.
DUFFY, J.P., CONNOLLY, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court