Codispoti v Beth Israel Med. Ctr. (2023 NY Slip Op 04187)

Codispoti v Beth Israel Med. Ctr.

2023 NY Slip Op 04187

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-08342
 (Index No. 20189/10)

[*1]Michael Codispoti, etc., appellant, 
v
Beth Israel Medical Center, et al., respondents.

William J. Poisson (Edelstein & Grossman, New York, NY [Jonathan I. Edelstein], of counsel), for appellant.
Harris Beach, PLLC, New York, NY (Svetlana K. Ivy, Pamela B. Goldsmith, and Thomas M. Porrazzo of counsel), for respondent Beth Israel Medical Center.
Furman Kornfeld & Brennan, LLP (Jennie M. Lundman of counsel), for respondent Crown Nursing and Rehabilitation Center.

DECISION & ORDER
In a consolidated action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 18, 2020. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was to vacate an order of the same court (Martin Schneier, J.H.O.) dated January 29, 2018, granting those branches of the defendants' separate unopposed motions which were pursuant to CPLR 3126 to strike the complaint insofar as asserted against each of them.
ORDERED that the order dated September 18, 2020, is affirmed insofar as appealed from, with one bill of costs.
Prior to her death, the plaintiff's decedent commenced two actions, which were subsequently consolidated, alleging, inter alia, medical malpractice. Michael Codispoti, as administrator of the decedent's estate, was thereafter substituted as the plaintiff. In November 2017, the defendants separately moved, inter alia, pursuant to CPLR 3126 to strike the complaint insofar as asserted against each of them. In an order dated November 29, 2017, a Judicial Hearing Officer adjourned the defendants' motions until January 29, 2018, and directed the plaintiff to provide all outstanding discovery. The plaintiff did not respond to the outstanding discovery demands and did not submit opposition to the defendants' motions. In an order dated January 29, 2018, the Judicial Hearing Officer granted those branches of the defendants' separate motions which were to strike the complaint insofar as asserted against each of them. Subsequently, the plaintiff moved, among other things, to vacate the January 29, 2018 order. In an order dated September 18, 2020, the Supreme Court, inter alia, denied that branch of the plaintiff's motion. The plaintiff appeals.
The Supreme Court properly denied that branch of the plaintiff's motion which was to vacate the January 29, 2018 order. "A party seeking to vacate an order entered upon his or her failure to oppose a motion is required to demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious opposition to the motion" (Hamilton v New York Hosp. [*2]Queens, 183 AD3d 621, 622; see CPLR 5015[a][1]; Codrington v Churcher, 209 AD3d 626, 627; Bellevue v Gustav, 186 AD3d 547, 548). "The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion" (Hamilton v New York Hosp. Queens, 183 AD3d at 622; see Lyubomirsky v Lubov Arulin, PLLC, 125 AD3d 614, 614). "In making that discretionary determination, the court should consider relevant factors, such as the extent of the delay, prejudice or lack of prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Lyubomirsky v Lubov Arulin, PLLC, 125 AD3d at 614; see Hamilton v New York Hosp. Queens, 183 AD3d at 622). Here, the plaintiff failed to establish a reasonable excuse for his failure to oppose the defendants' separate motions, inter alia, pursuant to CPLR 3126 to strike the complaint insofar as asserted against each of them (see Osmanovic v Barbato, 207 AD3d 732, 734; Bellevue v Gustav, 186 AD3d at 548; Maruf v E.B. Mgt. Props., LLC, 181 AD3d 670, 672). Since the plaintiff failed to establish a reasonable excuse, it is unnecessary to determine whether the plaintiff demonstrated a potentially meritorious opposition to the defendants' motions (see Weidler v MERSCORP Holdings, Inc., 208 AD3d 922, 924; U.S. Bank N.A. v Jackman, 192 AD3d 1180, 1181).
The plaintiff's contention regarding Judiciary Law § 21 is raised for the first time on appeal, and we decline to consider it (see LNV Corp. v Allison, 206 AD3d 710, 714).
The plaintiff's remaining contention need not be reached in light of our determination.
CONNOLLY, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court