V. v Leo (2023 NY Slip Op 04461)

V. v Leo

2023 NY Slip Op 04461

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-02637
 (Index No. 515526/16)

[*1]V., etc., et al., appellants, 
v
Michel Leo, et al., respondents.

The McHale Law Firm, P.C., New York, NY (Kim I. McHale and Paul A. Burg of counsel), for appellants.
Miranda Slone Sklarin Verveniotis LLP, Mineola, NY (Andrew B. Kaufman of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated February 17, 2021. The order denied the plaintiffs' motion, in effect, pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated September 16, 2020, granting that branch of the defendants' unopposed motion which was pursuant to CPLR 3126 to strike the complaint.
ORDERED that the order dated February 17, 2021, is affirmed, with costs.
In September 2016, the plaintiffs commenced this action, inter alia, to recover damages for personal injuries against the defendants. In June 2020, the defendants filed their second motion, among other things, pursuant to CPLR 3126 to strike the complaint based on the plaintiffs' failure to comply with court-ordered discovery. The plaintiffs failed to oppose the motion. In an order dated September 16, 2020 (hereinafter the default order), the Supreme Court granted that branch of the defendants' unopposed motion which was pursuant to CPLR 3126 to strike the complaint. Thereafter, the plaintiffs moved, in effect, pursuant to CPLR 5015(a)(1) to vacate the default order. In an order dated February 17, 2021, the court denied the plaintiffs' motion. The plaintiffs appeal.
A party seeking to vacate an order entered upon his or her failure to oppose a motion is required to demonstrate, through the submission of supporting facts in evidentiary form, both a reasonable excuse for the default and the existence of a potentially meritorious opposition to the [*2]motion (see Bhuiyan v New York City Health & Hosps. Corp., 120 AD3d 1284; Garcia v Shaw, 118 AD3d 943). Although a court has the discretion to accept law office failure as a reasonable excuse (see CPLR 2005), a conclusory, undetailed, and unsubstantiated claim of law office failure or mere neglect does not amount to a reasonable excuse (see Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 774; U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852).
Here, the Supreme Court providently exercised its discretion in determining that the plaintiffs failed to establish a reasonable excuse for their default in opposing in the defendants' motion (see Kondrotas-Williams v Westbridge Enters., Inc., 170 AD3d 983, 985). In an affirmation submitted in support of the motion, the plaintiffs' counsel attributed the default to a failure of the firm's computer calendaring system, which was compounded by disruptions in staffing during the COVID-19 pandemic. However, the plaintiffs' counsel failed to substantiate that the computer trouble was ongoing in September 2020, the time that the defendants' motion was originally returnable. Rather, she provided invoices from an information technology company, which showed that the computer trouble started two years earlier in January 2018 and that the firm made a failed attempt to repair the issue in March 2019. Moreover, even if the computer trouble and the COVID-19 pandemic impacted the filing of the plaintiffs' opposition, no explanation was given for the failure of the plaintiffs' counsel to contact the defendants' counsel or the court to seek an extension of time to oppose the defendants' motion (see id. at 986).
Since the plaintiffs failed to proffer a reasonable excuse, this Court need not consider whether they demonstrated a potentially meritorious opposition to the defendants' motion (see id.).
The parties' remaining contentions need not be reached in light of the foregoing.
DUFFY, J.P., MILLER, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court