S.A. v Bucca (2023 NY Slip Op 05485)

S.A. v Bucca

2023 NY Slip Op 05485

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-04844
 (Index No. 150444/17)

[*1]S.A., etc., appellant, 
v
Marialena N. Bucca, etc., et al., respondents (and a third-party action). Hach & Rose, LLP, New York, NY (Evan F. Bane of counsel), for appellant.

Furman, Kornfeld & Brennan LLP, New York, NY (Hillary C. Agins of counsel), for respondents Marialena N. Bucca and Island Pediatrics, P.C.
Zachary & Zachary, P.C., Staten Island, NY (Deborah C. Zachary of counsel), for respondent Margaret Zurica.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Lizette Colon, J.), dated June 22, 2021. The order denied the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated March 3, 2021, granting those branches of the separate unopposed motions of the defendants Marialena N. Bucca and Island Pediatrics, P.C., and the defendant Margaret Zurica which were pursuant to CPLR 3126 to strike the amended complaint insofar as asserted against each of them, for leave to renew and reargue, and/or, in effect, to resettle the order dated March 3, 2021.
ORDERED that the appeal from so much of the order dated June 22, 2021, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated June 22, 2021, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
In 2017, the plaintiff, by her father and natural guardian, commenced this action against the defendants Marialena N. Bucca and Island Pediatrics, P.C. (hereinafter Island Pediatrics), to recover damages for personal injuries sustained by the plaintiff. Thereafter, the plaintiff amended the complaint to add Margaret Zurica as a defendant. Bucca and Island Pediatrics moved, inter alia, pursuant to CPLR 3126 to strike the amended complaint insofar as asserted against them based on the plaintiff's failure to comply with discovery requests and multiple court orders directing the plaintiff to produce certain photographs. Zurica separately moved, among other things, to strike the amended complaint insofar as asserted against her on the same grounds. The plaintiff defaulted in opposing the motions. By order dated March 3, 2021, the Supreme Court granted those branches [*2]of the unopposed motions. Thereafter, the plaintiff moved pursuant to CPLR 5015(a)(1) to vacate the order dated March 3, 2021, for leave to renew and reargue, and/or, in effect, to resettle the order dated March 3, 2021. By order dated June 22, 2021, the court denied the plaintiff's motion. The plaintiff appeals.
To vacate her default in opposing those branches of the defendants' separate motions which were pursuant to CPLR 3126 to strike the amended complaint, the plaintiff was required to demonstrate a reasonable excuse for her default and a potentially meritorious opposition (see id. § 5015[a][1]; Valesquez v Landino, 213 AD3d 968, 969; Follors v TI Ozone Park Stor., LLC, 209 AD3d 843). The plaintiff demonstrated a reasonable excuse for her default in opposing the subject branches of the defendants' motions (see CPLR 5015[a][1]). However, the plaintiff failed to demonstrate the existence of a potentially meritorious opposition to the subject branches of the defendants' separate motions (see Thomas v Avalon Gardens Rehabilitation & Health Care Ctr., 107 AD3d 694, 695). Instead, the willful and contumacious nature of the plaintiff's conduct can be inferred from her failure, over a period of years, to comply with the defendants' discovery demands and her failure to comply with court orders directing disclosure (see id. at 695; Dokaj v Ruxton Tower Ltd. Partnership, 91 AD3d 812, 814). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was pursuant to CPLR 5015(a)(1) to vacate the order dated March 3, 2021.
The plaintiff's remaining contentions are without merit.
DILLON, J.P., GENOVESI, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court