V. C. v Fly High Indoor Trampoline Park, Inc. (2023 NY Slip Op 06024)

V. C. v Fly High Indoor Trampoline Park, Inc.

2023 NY Slip Op 06024

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
BETSY BARROS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2021-07137
 (Index No. 151022/17)

[*1]V. C., etc., appellant, 
v
Fly High Indoor Trampoline Park, Inc., et al., respondents.

Krentsel Guzman Herbert, LLP (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellant.
Goetz Schenker Blee & Wiederhorn LLP, New York, NY (Lisa De Lindsay of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a clerk's judgment of the Supreme Court, Richmond County, entered October 1, 2021. The clerk's judgment, upon an order of the same court (Lizette Colon, J.) dated August 24, 2021, inter alia, denying that branch of the plaintiff's motion which was to vacate a prior order of the same court dated July 21, 2021, granting the defendants' unopposed motion for summary judgment dismissing the complaint, is in favor of the defendants and against the plaintiff, dismissing the complaint.
ORDERED that the clerk's judgment is reversed, on the law, on the facts, and in the exercise of discretion, with costs, that branch of the plaintiff's motion which was to vacate a prior order of the same court dated July 21, 2021, is granted, the order dated July 21, 2021, is vacated, the order dated August 24, 2021, is modified accordingly, the complaint is reinstated, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings consistent herewith.
The infant plaintiff allegedly sustained injuries at a trampoline park operated by the defendants. The infant plaintiff, by her mother and natural guardian, commenced this action against the defendants alleging, inter alia, that the defendants' negligent operation and supervision of the trampoline park proximately caused her injuries.
After discovery, the defendants moved for summary judgment dismissing the complaint. Upon a second administrative adjournment by the court, the motion was adjourned to July 21, 2021. On July 19, 2021, the plaintiff filed a stipulation to adjourn the motion on consent to August 4, 2021. Less than an hour later, the court rejected the stipulation, citing the court's part rules. On July 21, 2021, the parties appeared for oral argument, and the defendants' summary judgment motion was granted as unopposed. Later that day, the plaintiff moved, inter alia, to vacate the order granting the defendants' summary judgment motion. In an order dated August 24, 2021, the Supreme Court, among other things, denied that branch of the plaintiff's motion which was to vacate the order dated July 21, 2021. On October 1, 2021, the Supreme Court entered a clerk's judgment in favor of the defendants and against the plaintiff, dismissing the complaint. The plaintiff appeals.
"A party seeking to vacate a default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Biotek Servs., LLC v South Is. Med. Assoc., P.C., 216 AD3d 1079, 1080; see Valesquez v Landino, 213 AD3d 968, 969). Here, the plaintiff's excuse of law office failure was reasonable and she also demonstrated that she had a potentially meritorious opposition to the defendants' motion (see Valesquez v Landino, 213 AD3d at 969; Hamilton v New York Hosp. Queens, 183 AD3d 621, 622-623).
Under the circumstances of this case, including the absence of prejudice to the defendants by the minor delay, the consent of the parties to an adjournment of the underlying return date, the absence of willfulness, and New York's public policy preference that actions be resolved on their merits, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was to vacate the order dated July 21, 2021 (see Garcia v City of New York, 189 AD3d 788, 789; Hamilton v New York Hosp. Queens, 183 AD3d at 623; Young Su Hwangbo v Nastro, 153 AD3d 963, 965).
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was to vacate the order dated July 21, 2021, and the matter is remitted to the Supreme Court, Richmond County, for a determination on the merits of the defendants' motion for summary judgment which may, in the court's discretion, require further submissions by the plaintiff and/or the defendants.
LASALLE, P.J., BARROS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court