Adams v 161 Ct. St., LLC (2025 NY Slip Op 00837)

Adams v 161 Ct. St., LLC

2025 NY Slip Op 00837

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-05949
2023-12336
 (Index No. 521400/19)

[*1]Kenneth R. Adams, appellant, 
v
161 Court Street, LLC, defendant-respondent, BUSA Builders, LLC, defendant second third-party plaintiff-respondent; Structure USA Corp., second third-party defendant-respondent (and another third-party action).

Bio & Laracca, P.C. (Marco Laracca and Anthony V. Gentile, Brooklyn, NY, of counsel), for appellant.
Coffey Modica LLP, New York, NY (Paul Golden of counsel), for defendant-respondent.
McMahon, Martine & Gallagher, LLP, Brooklyn, NY (Daniel Reiser of counsel), for defendant second third-party plaintiff-respondent.
Kevin P. Westerman, Elmsford, NY (Richard W. Ashnault of counsel), for second third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Rachel E. Freier, J.), dated April 4, 2023, and (2) an order of the same court (Leon Ruchelsman, J.) dated November 2, 2023. The order dated April 4, 2023, denied that branch of the plaintiff's motion which was pursuant to CPLR 5015(a) to vacate (1) an order of the same court (Lawrence Knipel, J.) dated July 27, 2022, in effect, conditionally granting that branch of the unopposed motion of the defendant 161 Court Street, LLC, which was pursuant to CPLR 3126 to strike the complaint insofar as asserted against it unless the plaintiff provided certain discovery responses and authorizations, and (2) an order of the same court (Lawrence Knipel, J.) dated November 3, 2022, granting the separate unopposed motions of the defendant second third-party plaintiff and the defendant 161 Court Street, LLC, pursuant to CPLR 3126 to strike the complaint insofar as asserted against each of them. The order dated November 2, 2023, denied the plaintiff's motion pursuant to CPLR 5015(a) to vacate the orders dated July 27, 2022, November 3, 2022, and April 4, 2023.
ORDERED that the orders dated April 4, 2023, and November 2, 2023, are affirmed, with one bill of costs.
In September 2019, the plaintiff commenced this action to recover damages for personal injuries against the defendants, 161 Court Street, LLC (hereinafter 161 Court), and BUSA Builders, LLC (hereinafter BUSA). In an order dated July 27, 2022 (hereinafter the conditional [*2]order), the Supreme Court, in effect, conditionally granted that branch of 161 Court's unopposed motion which was pursuant to CPLR 3126 to strike the complaint insofar as asserted against it unless the plaintiff provided certain discovery responses and authorizations by September 30, 2022. Thereafter, BUSA and 161 Court separately moved pursuant to CPLR 3126 to strike the complaint insofar as asserted against each of them based on the plaintiff's failure to comply with court-ordered discovery, including the conditional order. The plaintiff did not oppose the motions. In an order dated November 3, 2022, the court granted the motions.
The plaintiff subsequently moved, inter alia, pursuant to CPLR 5015(a) to vacate the conditional order and the order dated November 3, 2022. In support of the motion, the plaintiff submitted, among other things, an affirmation from his counsel, who stated that the plaintiff defaulted in opposing the defendants' motions due to calendaring errors. In an order dated April 4, 2023, the Supreme Court denied that branch of the plaintiff's motion which was pursuant to CPLR 5015(a) to vacate the conditional order and the order dated November 3, 2022. Thereafter, the plaintiff again moved pursuant to CPLR 5015(a) to vacate the conditional order and the order dated November 3, 2022, as well as the order dated April 4, 2023. In an order dated November 2, 2023, the court denied the motion. The plaintiff appeals from the orders dated April 4, 2023, and November 2, 2023.
"A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion" (M. Marin Restoration, Inc. v Filasky, 219 AD3d 824, 825; see CPLR 5015[a][1]; S.A. v Bucca, 221 AD3d 574, 575). Although a court has the discretion to accept law office failure as a reasonable excuse (see CPLR 2005), "[l]aw office failure does not constitute a justifiable excuse where there is a pattern of willful default and neglect, or where allegations of law office failure are conclusory, undetailed, and unsubstantiated" (Mega Contr., Inc. v Adventure Masonry Corp., 188 AD3d 664, 665; see Prakope v Public Stor., 186 AD3d 1738, 1739).
Here, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's first motion which was pursuant to CPLR 5015(a) to vacate the conditional order and the order dated November 3, 2022. The plaintiff failed to demonstrate a reasonable excuse for his default, as his vague and unsubstantiated proffered excuse of law office failure was not supported by a detailed and credible explanation of the default (see V. v Leo, 219 AD3d 961, 962; Crudele v Price, 218 AD3d 534, 535-536). Since the plaintiff failed to proffer a reasonable excuse for his default, this Court need not consider whether he demonstrated a potentially meritorious opposition to the defendants' motions (see Codispoti v Beth Israel Med. Ctr., 219 AD3d 567, 568-569).
The Supreme Court properly denied the plaintiff's second motion pursuant to CPLR 5015(a) as procedurally improper, as the order dated April 4, 2023, was not entered upon the plaintiff's default (see id. § 5015[a][1]; Hinds v 33rd St. Astoria, Inc., 197 AD3d 697, 697-698; HSBC Bank USA, N.A. v Lev, 181 AD3d 938, 941), and the plaintiff was precluded from making a second motion to vacate the conditional order and the order dated November 3, 2022, on the same grounds raised in the prior motion (see Wells Fargo Bank, N.A. v Spiegel, 187 AD3d 1098, 1099; JMP Pizza, LLC v 34th St. Pizza, LLC, 104 AD3d 648, 648).
IANNACCI, J.P., CHAMBERS, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court